UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ORLANDO ROMAN,

                    Petitioner,         **No. 08-CV-6561(CJS)(VEB)**

    -vs-                                      **DECISION AND ORDER**

D.F. NAPOLI,

                    Respondent.
_____

**I.    Background**

*Pro se* petitioner Orlando Roman has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state custody pursuant to two judgments of conviction entered against him in New York State Supreme Court (Monroe County).[1] In his petition, Roman raises the following claims for relief: (a) the trial court's *Molineux* ruling was erroneous (Ground One); (b) the verdicts regarding the rape charges were against the weight of the evidence (Ground Two); (c) the bill of particulars was inadequate with regard to the date range of the crimes in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the federal Constitution (Ground Three); (d) his guilty plea to the charge of bribing a witness was factually

---

[1] From 1999 to 2000, while petitioner's stepdaughter was eleven (11) and twelve (12) years old, he had several instances of sexual contact with her which were not reported to the police until 2003. As a result of the police investigation, petitioner was charged with several different types of sex crimes including rape, sodomy, and sexual abuse. As the grand jury presentment approached, petitioner tried to bribe his ex-wife to prevent his stepdaughter from testifying against him. This unsuccessful bribery was added as an additional charge to the indictment. Following a bench trial in Monroe County Supreme Court, petitioner was convicted of Sodomy in the First Degree (Penal Law ("PL") § 130.50 (1)), Sodomy in the Second Degree (PL 130.4)], two (2) counts of Sexual Abuse in the First Degree (PL 130.65 (1)), Attempted Sodomy in the First Degree (PL 110; 130.50 (1)), Attempted Rape in the First Degree (PL110; 130.35 (1)), Rape in the First Degree (PL 130.35 (1)), and Rape in the Second Degree (PL 130.30). Petitioner was sentenced to a determinate term of seventeen (17) years in prison with five (5) years of post-release supervision. As a result of the guilty verdicts on the sexual offense charges, defendant pled guilty to Bribing a Witness (PL 215.00), and was sentenced concurrently to two and a third (2 1/3) to seven (7) years in prison.

insufficient (Ground Four); (e) his sentences for first degree rape and first degree sodomy were unduly harsh and severe and violated his rights to equal protection of the laws (Ground Five); (f) he was erroneously denied an evidentiary hearing regarding his motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 (Ground Six); (g) the prosecution impermissibly deviated from the bill of particulars and indictment and changed its theory of the case at trial so as to deny petitioner his right to a fair trial (Ground Seven); (h) the evidence was legally insufficient as to the elements of penetration and forcible compulsion (Ground Eight); (i) appellate counsel was ineffective (Grounds Nine and Ten). Respondent answered the Petition, asserting that many of the claims were unexhausted and procedurally defaulted; procedurally barred as a result of the state court's reliance upon an adequate and independent state ground for dismissal; not cognizable on federal habeas review; and, in any event, without merit.

Petitioner's first request for assigned counsel was rejected in the Court's Scheduling Order regarding the instant habeas proceeding. Petitioner now has filed a Renewed Motion for Appointment of Counsel, asserting that he is entitled to assigned counsel because he is a layman and his habeas petition presents complicated legal issues which require the assistance of a lawyer to brief properly. Respondent has opposed petitioner's motion.

For the reasons that follow, petitioner's Renewed Motion for Appointment of Counsel is **denied.**

## II. Discussion

There is no absolute right to assistance of counsel in the preparation of a habeas petition. *See McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (noting that

*Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 which prohibits, with certain exceptions, the retroactive application of new law to claims raised in federal habeas, does not "imply that there is a constitutional right to counsel in federal habeas corpus") (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (stating that he right to appointed counsel extends to the first appeal of right, and no further, and declining to hold that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions) (citing *Johnson v. Avery*, 393 U.S. 483, 488, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969)); *accord*, *e.g.*, *Bourdon v. Loughren*, 386 F.3d 88, 96 (2d Cir. 2004) ("But the Sixth Amendment only applies to a defendant's trial and first appeal as of right, not to appeals afforded on a discretionary basis, collateral proceedings, or civil proceedings such as civil rights claims challenging prison conditions.") (citing *Finley*, 481 U.S. at 556-57); *Heath v. United States Parole Comm'n.*, 788 F.2d 85, 88 (2d Cir. 1986) ("On a direct appeal from a conviction the absolute right to counsel is assured every defendant. But appointment of counsel on an appeal involving a collateral attack on a conviction is a matter that rests within the discretion of the appeals court.") (citations omitted).

Appointment of counsel for indigent litigants in civil cases, such as habeas petitioners, is within the judge's discretion. *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir.1986); *see also In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir.1984). The standards governing the appointment of counsel in pro se cases have been set forth by the Second Circuit in a number of cases. *E. g.*, *Cooper v. A. Sargenti Co.*, 877 F.2d 170 (2d Cir.1989); *Hodge v. Police Officers*, 802 F.2d at 60; *Jenkins v. Chemical Bank*, 721 F.2d 876 (2d Cir.1983). *See also* 18 U.S.C. § 3006A(a)(2)(B) (a court may, in its discretion, appoint counsel where "the interests of justice so require." ).

"The factors to be considered in deciding whether or not to assign counsel include the following: 1. Whether the indigent's claims seem likely to be of substance; 2. Whether the indigent is able to investigate the crucial facts concerning his claim; 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; 4. Whether the legal issues involved are complex; and 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination." *Peek v. Cummins*, No. 07-CV-6120 CJS, 2008 WL 5110988, *3 (W.D.N.Y.) (Siragusa, D.J.) (citing *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir.1997); *Hodge*, 802 F.2d at 60).

The Court has reviewed Roman's application for counsel in light of the factors required by law as set forth by the Second Circuit. Roman has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. Brink asserts that he needs assigned counsel because his habeas issues are complex, but that alone is insufficient to warrant assignment of *pro bono* counsel. *See, e.g., De Los Rios v. United States*, No. 86 Cr. 279(LMM), 1994 WL 502635, at *6 (S.D.N.Y. Sept. 14, 1994) ("Even if the claim is not frivolous, if the chances of succeeding on the merits are only slight, counsel may be denied because volunteer attorney time is a scarce commodity which must be allocated judiciously."). After reviewing Roman's Petition and respondent's Answer, it does not appear to this Court that Roman is likely to succeed on the merits. In any event, whether or not success is likely, the issues are not so complex that assistance of counsel is required, and they appear to be ones which can be addressed and reviewed solely by means of the state court records. In particular, Roman's claims do not appear to require any additional factual investigation beyond what is already in the record, and there is no need for an evidentiary hearing involving

cross-examination of witnesses or the elaborate presentation of proof. After reviewing Roman's submissions to date, the Court finds that he has fully, articulately, and adequately stated his claims, notwithstanding his lack of access to a lawyer.

In sum, this Court finds that Roman's habeas petition is one for which an appointment of counsel is unnecessary. Accordingly, for the foregoing reasons, Roman's Renewed Motion for the Appointment of Counsel is denied without prejudice.

**IT IS SO ORDERED.**

/s/ Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: March 1, 2010
Rochester, New York.