# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

ORLANDO ROMAN,

Petitioner,

-vs-

**DECISION and ORDER**
**08-CV-6561-CJS**

D.F. NAPOLI, Superintendent,

Respondent.

## INTRODUCTION

**Siragusa, J.** Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. Before the Court[1] is his objection (Docket No. 28) to U.S. Magistrate Judge Victor E. Bianchini's Decision and Order (Docket NO. 26) denying the appointment of *pro bono* counsel. For the reasons stated below, the Court affirms Judge Bianchini's Decision and Order.

## STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge may hear and determine any pretrial matter except those considered to dispositive. As to non-dispositive matters, a district dourt may reverse a magistrate judge's order only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." "A decision relating to an application for appointment of counsel is clearly non-dispositive. *See Kampfer on Behalf of Kampfer v. Gokey*, 159 F.R.D. 370, 372 (N.D.N.Y. 1995)." *Pacheco v. Vanwyk*, No. 94-CV-0456(RSP) (GJD), 1997 WL 115945, 1 (N.D.N.Y. Mar. 12,1997). With regard to when an order is clearly erroneous,

---

[1]Although Petitioner has addressed his application to the Honorable Richard J. Arcara, former Chief Judge of the Western District of New York, the case is assigned to the undersigned.

> [t]he Supreme Court has held that a finding is clearly erroneous if the reviewing court is left with the definite and firm conviction that a mistake has been committed. Indeed, where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Pursuant to this highly deferential standard of review, a magistrate judge is afforded broad discretion in resolving non dispositive disputes and reversal is appropriate only if their [sic] discretion is abused.

*Lyondell-Citgo Refining v. Petroleos De Venezuela*, No. 02 Civ. 0795(CBM), 2005 WL 883485 at *3 (S.D.N.Y. April 14, 2005) (citations and internal quotations omitted); *see also U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). "An order is deemed contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Mitchell v. Goord*, No. 9:03CV00019(GLS), 2005 WL 701096, 2 (N.D.N.Y. Mar. 21, 2005) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

With regard to appointment of *pro bono* counsel, the Second Circuit has written:

> When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1), we look first to the "likelihood of merit" of the underlying dispute. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir.1997); *see also Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir.1989) (*per curiam*). Thus, even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor. *See Cooper*, 877 F.2d at 172. Only after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute. *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir.1986).

*Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

**ANALYSIS**

Petitioner contends in his application that Judge Bianchini's Decision and Order is clearly erroneous, because further fact finding is necessary and will require the assistance of counsel to subpoena evidence and examine alleged prosecutorial misconduct. In this regard, Petitioner states that one issue he raises, "would require subpoenaing the lease and lease application from the apartment complex that my wife moved into immediately after leaving the home." (Pl.'s Letter Application to Chief Judge Arcara (Mar. 7, 2010) ¶ 15.) Petitioner mentions newly discovered evidence that "proves that my wife and stepdaughter committed perjury at the grand jury and at trial." (*Id.* ¶ 17.) Respondent's counsel filed an Answering Affirmation (Docket No. 29) in which he contends that,

> the basis for some of petitioner's objections arise from issues not previously alleged in either his Petition or Amended Petition, namely the purported prosecutorial misconduct and evidence tampering [Pet. Objections, p. 3, ¶ 16, n.1], and also the allegation of purportedly false Grand Jury testimony [Pet. Objections, p. 4, ¶ 19]. Such newly devised arguments are improper grounds for obtaining assigned counsel. Furthermore, petitioner's claim that he needs assigned counsel to subpoena materials which were not before the state courts and which relate to his recently fabricated grounds for relief is likewise improper.

(Answering Aff. ¶ 4.)

Judge Bianchini denied Petitioner's motion for appointment of counsel on the ground that his *habeas* issues are not complex, that they may be decided solely by reviewing the state court records, that they "do not appear to require any additional factul investigation beyond what is already in the record, and there is no need for an evidentiary hearing involving cross-examination of witnesses or the elaborate presentation of proof." Decision and Order, *Roman v. Napoli*, No. 08-CV-6561 (CJS) (VEB) (W.D.N.Y. Mar. 1, 2010) (Docket No. 26) 4–5.)

Judge Bianchini's determinations with regard to any issues of fact are entitled to great deference, and Petitioner has not convincingly shown that Judge Bianchini's Decision and Order denying appointment of *pro bono* counsel is clearly erroneous or contrary to law.

## CONCLUSION

Accordingly, Petitioner's application (Docket No. 28) seeking to overturn Judge Bianchini's Decision and Order is denied.

IT IS SO ORDERED.

Dated:   April 14, 2010
        Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J.  SIRAGUSA
United States District Judge