UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ORLANDO ROMAN, 04-B-0396,

   Petitioner,

  -v-         08-CV-6561(MAT)
              **ORDER**
D.F. NAPOLI, Superintendent,

   Respondent.

## I. Introduction

*Pro se* petitioner Orlando Roman ("petitioner") has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Monroe County Supreme Court of various sex crimes, including, *inter alia*, Rape in the First Degree (N.Y. Penal L. ("P.L.") § 130.35(1)) and Sodomy in the First Degree (P.L. § 130.50(1)). Petitioner's conviction followed a bench trial before Justice Kenneth R. Fisher. He was subsequently sentenced to seventeen years imprisonment with five years of post-release supervision.

## II. Factual Background and Procedural History

### A. Trial, Verdict, and Subsequent Guilty Plea

From 1999 to 2000, petitioner had repeated instances of sexual contact with his stepdaughter, who was eleven and twelve-years old at the time. As a result, petitioner was charged in Monroe County with eleven counts of sexual crimes, including rape, attempted rape, sodomy, attempted sodomy, and sexual abuse. Added to the indictment was an additional charge of bribing a witness, arising

out of petitioner's unsuccessful attempt to bribe his ex-wife to prevent his stepdaughter from testifying against him.

Following a bench trial, petitioner was convicted of eight of the first eleven counts: Sodomy in the First Degree (former P.L. § 130.50(1)), Sodomy in the Second Degree (P.L. § 130.45), two counts of Sexual Abuse in the First Degree (P.L. § 130.65(1)), Attempted Sodomy in the First Degree (P.L. § 110.00/130.50(1)), Attempted Rape in the First Degree (P.L. § 110.00/130.35(1)), Rape in the First Degree (P.L. § 130.35(1)) and Rape in the Second Degree (P.L. § 130.30). <u>See</u> Respondent's Appendix ("Appx.") S at 4-5. Petitioner was sentenced to concurrent terms of imprisonment, the longest of which being seventeen years, determinate, with five years of post-release supervision. Sentencing Tr. 14-17.

Petitioner subsequently pleaded guilty to Bribing a Witness (P.L. § 215.00), for which he was sentenced to two and one-third to seven years imprisonment. Appx. FF.

### B. Motions to Vacate

Prior to perfecting his direct appeals on the above two convictions, petitioner filed two *pro se* motions pursuant to N.Y. Crim. Proc. L. ("C.P.L.")§ 440.10/20 to set aside his convictions and sentences. Appx. A, H.

The first, filed on January 10, 2005, alleged that: (1) the evidence was procured in violation of his Fifth and Sixth Amendment rights; (2) the evidence was legally insufficient and the verdict

was against the weight of the evidence; (3) his right to due process was violated; (4) the sentences were unduly harsh; (5) he was denied the effective assistance of counsel; (6) new evidence was discovered; (7) the indictment was multiplicitous; (8) the indictment failed to give proper notice; (9) the trial judge was biased; and (10) the prosecutor engaged in misconduct. Appx. A. The state court denied the majority of petitioner's claims pursuant to § 440.10(2)(b), which mandates denial where "[t]he judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal." Appx. D; see C.P.L. § 440.10(2)(b). The court also denied petitioner's claim of newly-discovered evidence on the merits. Appx. D at 5-6. To the extent that petitioner's allegations of ineffective assistance of trial counsel raised issues outside the record, those claims were also denied on the merits. Appx. D at 8-10. Leave to appeal the denial of petitioner's § 440.10 motion was denied by the Appellate Division on May 3, 2006. Appx. G.

Petitioner's second 440.10 motion was filed on November 20, 2006, which raised the following grounds: (1) the bribery plea was invalid; (2) additional newly-discovered evidence existed. Appx. H. The state court denied petitioner's motion pursuant to C.P.L.

440.10(2)(c)[1] and because petitioner's claim of newly-discovered evidence did not meet the statutory requirement of C.P.L. § 440.10(1)(g), which requires that such evidence must have been discovered "since the entry of a judgment based upon a verdict of guilty after trial . . . ." Appx. J at 2. Leave to appeal that decision was denied on June 25, 2007. Appx. N.

### C. Direct Appeal

Petitioner appealed both convictions to the Appellate Division, Fourth Department. The first, relating to the bribery conviction (Appeal No. 1), alleged: (1) factual insufficiency of the plea allocution; (2) the conviction should be reversed if the rape convictions fail; and (3) unduly harsh and excessive sentence. Appx. EE.

With respect to the rape convictions (Appeal No. 2), petitioner raised the following issues for appeal: (1) improperly admitted Molineux evidence; (2) the verdicts were against the weight of the evidence; (3) wrongful denial of request for supplemental bill of particulars; (4) illegal period of post-release supervision; and (5) harsh and excessive sentence. Appx. R. Petitioner also filed a *pro se* supplemental brief, containing the

---

[1] "The court must deny a motion to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him[.]" C.P.L. § 440.10(2)(c).

following grounds: (1) the time frames in the indictment were unreasonably broad; (2) legally insufficient evidence; (3) the sexual abuse charges were improperly repetitive; and (4) the trial proof deviated from the indictment allegations. Appx. U.

The Appellate Division unanimously affirmed the convictions on September 28, 2007. People v. Roman, 43 A.D.3d 1275 (4th Dept. 2007) (Appeal No. 1); People v. Roman, 43 A.D.3d 1282 (4th Dept. 2007) (Appeal No. 2).

Petitioner then sought leave to appeal select issues to the New York Court of Appeals. Leave was denied on December 19, 2007. 9 N.Y.3d 1009 (2007).

### D. *Error Coram Nobis*

Petitioner filed two *error coram nobis* applications in the Appellate Division, Fourth Department, alleging that his appellate counsel was ineffective on various grounds relating to each conviction and appeal. Appx. KK, LL. Those applications were denied. People v. Roman, 50 A.D.3d 1629 (4th Dept. 2008), lv. denied, 10 N.Y.3d 964 (2008).

### E. Habeas Corpus

Petitioner then brought the instant petition for habeas corpus, raising the following grounds for relief: (1) the trial court improperly admitted Molineux evidence; (2) the appellate court erred in denying petitioner's weight of the evidence claim; (3) the indictment failed to provide a sufficiently specific time

frame; (4) the guilty plea was invalid; (5) petitioner's sentences violated his right to be free from cruel and unusual punishment; (6) the state court erred in denying petitioner's § 440.10 motion without a hearing and the appellate court erred in denying leave to appeal that denial; (7) constructive amendment of the indictment; (8) insufficiency of the evidence; (9) ineffective assistance of appellate counsel; and (10) the appellate court erred in denying petitioner's *error coram nobis* application and the Court of Appeals erred in denying leave to appeal that denial. Petition ("Pet.") ¶ 24(1)-(10) (Dkt. #4). Petitioner has also filed a Motion to Compel (Dkt. #34) and a Motion to Hold the Petition in Abeyance (Dkt. #35). For the reasons that follow, petitioner's motions for discovery and to hold the petition in abeyance are denied, and the petition for habeas corpus is dismissed.

III. Discussion

   A.   **General Principles Applicable to Federal Habeas Review**

      1.   **Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence

presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

### 2. Exhaustion Requirement and Procedural Bar

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984).

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263 n.9 (1989); other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Grey, 933 F.2d at 120. The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of

the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977).

### 3. The Adequate and Independent State Grounds Doctrine

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred.'" Dunham v. Travis, 313 F.3d 724, 729 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). "A habeas petitioner may bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." Id. (citing Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Although the Supreme Court "has repeatedly cautioned 'that the [independent and adequate state law ground] doctrine applies to *bar consideration* on federal habeas of federal claims that have been defaulted under state law,'" id. (quoting Lambrix v. Singletary, 520 U.S. 518, 523 (1997) (emphasis added by Second Circuit), the Second Circuit has observed that "it is not the case 'that the procedural-bar issue must invariably be resolved first; only that

it ordinarily should be [,]'" _id._ (quoting _Lambrix_, 520 U.S. at 525 (stating that bypassing procedural questions to reach the merits of a habeas petition is justified in rare situations, "for example, if the [the underlying issue] are easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law")).

**B.   Merits of the Petition**

   **1.   Grounds (1) and (2) are matters of state law.**

      **a.   Ground (1): Improperly Admitted _Molineux_ Evidence**

Petitioner contends, as he did on direct appeal, that the trial court erred in allowing the admission of uncharged sex acts, acts of prior violence, and the bribery attempts into evidence.[2] Pet. ¶ 24(1); Appx. R at 22-33. The Fourth Department rejected petitioner's contentions on the merits. See _Roman_, 43 A.D.3d at 1282, 1283.

Because the United States Supreme Court has declined to determine whether use of uncharged crimes would violate due process, the Appellate Division's rejection of petitioner's argument cannot be considered an unreasonable application of clearly established Supreme Court precedent. See _Jones v. Conway_, 442 F.Supp.2d 113 (S.D.N.Y. 2006) (citing _Estelle v. McGuire_, 502 U.S. 62, n.5 (1991). Moreover, "[a] decision to admit evidence of

---

[2] Under _People v. Molineux_, 168 N.Y. 264 (1901), evidence of prior bad acts are admissible to show motive, intent, absence of mistake or accident, common scheme or plan, or identity of the person on trial.

a criminal defendant's uncharged crimes or bad acts under <u>Molineux</u> constitutes an evidentiary ruling based on state law." <u>Sierra v. Burge</u>, 06 Civ. 14432, 2007 WL 4218926, *5 (S.D.N.Y. Nov.30, 2007). As such, state court <u>Molineux</u> rulings are generally not cognizable on habeas review. <u>See</u> <u>Roldan v. Artuz</u>, 78 F.Supp.2d, 260, 276 (S.D.N.Y. 2000). Rather, federal courts reviewing evidentiary matters may issue a writ of habeas corpus only if the petitioner demonstrates that the alleged evidentiary error violated a constitutional right and that the error "was so extremely unfair that its admission violates fundamental conceptions of justice." <u>Dunnigan v. Keane</u>, 137 F.3d 117, 125 (2d Cir. 1998) (internal quotation omitted). "Where the prejudicial evidence is 'probative of [an] essential element' in the case, its admission does not violate the defendant's right to due process." <u>Dunnigan</u>, 137 F.3d at 125 (quoting <u>Estelle</u>, 502 U.S. at 69). "For the erroneous admission of other unfairly prejudicial evidence to amount to a denial of due process, the item must have been 'sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it.'" <u>Id.</u> (quoting <u>Johnson v. Ross</u>, 955 F.2d 178, 181 (2d Cir. 1992), citing <u>Collins v. Scully</u>, 755 F.2d 16, 19 (2d Cir. 1985) (evidence must be "crucial, critical, highly significant")).

Under New York law, evidence of prior bad acts is admissible to "prove the specific crime charged when it tends to establish

(1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial." Molineux, 168 N.Y. at 293. Furthermore, evidence of a defendant's prior physical abuse of the victim or other acts of violence is admissible as it is probative of the victim's state of mind. See generally People v. Thompson, 72 N.Y.2d 410, 415-16 (1988). Similarly, evidence of a defendant's attempt to bribe a prosecution witness can be admissible as evidence of consciousness of guilt. See People v. McLaurin, 27 A.D.3d 399 (1st Dept. 2006). Accordingly, the appellate court found that the trial court properly admitted the evidence under New York evidentiary law. Roman, 43 A.D.3d at 1282.

Because petitioner's claim falls short of establishing an error under state law, he also cannot establish that his constitutional rights were violated by the trial court's admission of that evidence. See Green v. Herbert, No. 01CIV.11881, 2002 WL 1587133, at *12 (S.D.N.Y. Jul.18, 2002) ("The first step in this analysis is to determine whether the state court decision violated a state evidentiary rule, because the proper application of a presumptively constitutional state evidentiary rule would not be unconstitutional.") (citing Brooks v. Artuz, 97 Civ. 3300, 2000 WL 1532918 at *6, 9 (S.D.N.Y. Oct.17, 2000) (petitioner did not

demonstrate an error under state evidentiary law, "much less" an error of constitutional magnitude); <u>Jones v. Stinson</u>, 94 F.Supp.2d 370, 391-92 (E.D.N.Y.) (once the habeas court has found that the state court ruling was not erroneous under state law, there is no need to apply a constitutional analysis), <u>rev'd on other grounds</u>, 229 F.3d 112 (2d Cir. 2000)). This claim, therefore, must be dismissed.

### b.   Ground (2): Weight of the Evidence

Petitioner avers that the Appellate Division erred in rejecting his challenge to the weight of the evidence. Pet. ¶ 24(2). On the outset, the Court notes that a habeas proceeding is not a substitute for an appeal; <u>see e.g.</u>, <u>Fountain v. U.S.</u>, 357 F.3d 250, 253 (2d Cir. 2001), and is not a vehicle to relitigate every issue previously determined in state court. <u>Herrera v. Collins</u>, 506 U.S. 390, 401 (1993). Accordingly, petitioner's plain dissatisfaction with the outcome of his direct appeal is not a proper ground for habeas relief.

To the extent that petitioner seeks to argue that the verdict was against the weight of the evidence, this claim is not cognizable on habeas review.  Challenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence, are not cognizable on federal  habeas review. <u>E.g.</u>, <u>Maldonado v. Scully</u>, 86 F.3d 32, 35 (2d Cir. 1996). A claim that a verdict was against the weight of the evidence

derives from C.P.L. § 470.15(5), which permits an appellate court in New York to reserve or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." C.P.L. § 470.15(5). Thus, the "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. People v. Bleakley, 69 N.Y.2d 490, 495 (1987). Since a weight of the evidence claim is purely a matter of state law, it is not cognizable on habeas review. See U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Because petitioner's claim that his verdict was against the weight of the evidence is purely a state law claim that does not present a federal constitutional issue cognizable on habeas review, it must be dismissed.

## 2.   **Grounds (4) and (8) are procedurally barred.**

Petitioner contends that his plea of guilty to Bribing a Witness was not knowingly and intelligently entered, and that the prosecution failed to establish his guilt beyond a reasonable doubt with respect to the rape conviction. Pet. ¶ 24(4),(8). The respondent has argued that these claims are procedurally barred

under the adequate and independent state ground doctrine. The Court agrees.

In petitioner's appeal of the bribery conviction, he challenged the factual sufficiency of the plea allocution. The Appellate Division held, "Defendant failed to preserve that challenge for our review . . . inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction. <u>Roman</u>, 43 A.D.3d at 1276 (citing <u>People v. Lopez</u>, 71 N.Y.2d 662, 665 (1988)).[3] The Fourth Department similarly rejected petitioner's argument concerning the legal insufficiency of the evidence because he failed to preserve the issue for review. <u>Roman</u>, 43 A.D.3d at 1282-83 (citing <u>People v. Hines</u>, 97 N.Y.2d 56, 61 (2001)).[4]

In both appeals, the Appellate Division relied on New York's "contemporaneous objection" rule, codified at C.P.L. § 470.05(2)[5],

---

[3] <u>Lopez</u> holds that in order to preserve a challenge to the factual sufficiency of a plea allocution there must have been a motion to withdraw the plea under C.P.L § 220.60 (3) or a motion to vacate the judgment of conviction under C.P.L. § 440.10. However, where a defendant's factual recitation negates an essential element of the crime pleaded to, and the court accepts the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered, the defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal postallocution motion was not made. 71 N.Y.2d at 665-666.

[4] "[A]n insufficiency [of the evidence] argument may not be addressed unless it has been properly preserved for review during the trial." <u>Hines</u>, 97 N.Y.2d at 61. Once a defendant presents evidence on a charge at his trial, he subsequently waives any argument going to the sufficiency of the evidence for purposes of appellate review. <u>Id.</u>

[5] "For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same. Such protest need not be in the form of an "exception" but is sufficient if the party made his position with respect to the ruling or instruction known to the court, or if in [response]

to dismiss the claim as unpreserved. <u>See</u> <u>Harris v. Reed</u>, 489 U.S. 255, 260-61, 264 n.10 (1989) (Federal habeas corpus review of a state conviction is prohibited if a state court judgment is based on an "adequate and independent state ground," such when the state court "explicitly invokes a state procedural bar rule as a separate basis for decision."). The Second Circuit recognizes New York's contemporaneous objection rule as an independent and adequate state procedural rule barring habeas review. <u>See, e.g.</u>, <u>Richardson v. Greene</u>, 497 F.3d 212, 218 (2d Cir. 2007) (citing <u>Garcia v. Lewis</u>, 188 F.3d 71, 78 (2d Cir. 1999) (C.P.L. § 470.05(2) "require[s], at the very least, that any matter which a party wishes the appellate court to decide have been brought to the attention of the trial court at a time and in a way that gave the latter the opportunity to remedy the problem and thereby avert reversible error."; <u>Garvey v. Duncan</u>, 485 F.3d 709, 714-15 (2d Cir. 2007) ("A general objection is not sufficient to preserve an issue since such would not alert the court to defendant's position. Instead New York's highest courts uniformly instruct that to preserve a particular issue for appeal, defendant must specifically focus on the alleged error."); <u>see also</u> <u>Velasquez v. Leonardo</u>, 898 F.2d 7, 9 (2d Cir. 1990). The Fourth Department's reliance on the contemporaneous objection rule is therefore an adequate and independent state ground which precludes this Court's review of petitioner's claims.

---

to a protest by a party, the court expressly decided the question raised on appeal." C.P.L. § 470.05(2).

A finding of procedural default will "bar habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the claim will result in a miscarriage of justice." Coleman, 501 U.S. at 749-50 (internal citations omitted); accord, e.g., Fama v. Comm'r of Corr. Services, 235 F.3d 804, 809 (2d Cir. 2000). Petitioner has not alleged the requisite cause and prejudice necessary to overcome the procedural default, nor has he demonstrated that this Court's failure to review the claims will result in a miscarriage of justice. Accordingly, petitioner's claims are dismissed.

### 3. Ground (5) is unexhausted, but without merit.

Petitioner alleges that his determinate sentence of seventeen years imprisonment was disproportionate to the crimes and in violation of his right to be free from cruel and unusual punishment. Pet. ¶ 24(5). Petitioner's claim is unexhausted because it was never raised in federal, constitutional terms to the state courts. See Appx. R at 48-50; see Daye v. Att'y General of State of N.Y., 696 F.2d 186, 191-92 (2d Cir. 1982). Notwithstanding petitioner's failure to exhaust his sentencing claim, the claim should still be dismissed on the merits pursuant to the authority conferred under 28 U.S.C. § 2254(b)(2).[6] The respondent has

---

[6] Pursuant to the 1996 amendments to the habeas statute, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2).

correctly pointed out that "federal courts do not use their habeas corpus review power to upset a state court's discretionary decision which includes the imposition of a legal sentence within the guidelines." Resp't Mem. 12.

"[I]t is settled that sentences imposed within the limits of a state statute cannot amount to cruel and unusual punishment in violation of the Eighth Amendment." Knight v. Walsh, 524 F.Supp.2d 255 (W.D.N.Y. 2007) (citing United States v. Dawson, 400 F.2d 194, 200 (2d Cir. 1968); e.g., Warren v. Conway, No. CV-07-4117, 2008 WL 4960454, at *30 (E.D.N.Y. Nov. 18, 2008); Alvarez v. Scully, No. 91 CIV. 6651(PKL), 1993 WL 15455, at *12 (S.D.N.Y. Jan. 11, 1993) (citing, inter alia, Bellavia v. Fogg, 613 F.2d 369, 373-74 (2d Cir. 1979)). Here, petitioner was sentenced to a period of incarceration less than the statutory maximum. See P.L. §§ 70.02(1)(a), (2)(a) & (3); 130.35(1); 130.50(1).

Moreover, the "gross disproportionality" principle finds sentences disproportionate to their crimes "only in the exceedingly rare and extreme case" and is reserved "for only the extraordinary case." Lockyer v. Andrade, 538 U.S. 63, 73-77 (2003) (internal quotation marks and citation omitted); see also United States v. Snype, 441 F.3d 119, 152 (2d Cir. 2006) (noting that successful challenges to the proportionality of particular sentences have been exceedingly rare). This case clearly does not present one of those rare and extreme cases in which the Supreme Court contemplated

intervention by a reviewing court into a state's sentencing decisions. Accordingly, petitioner's claim for habeas relief on this ground is dismissed.

**5. Grounds (3), (7) and (9) are without merit.**

**a. Inadequate Notice**

Petitioner claims that the date range in the indictment for counts one through five was unreasonably broad. Pet. ¶ 24(3). On this point, the Appellate Division held,

> We further reject defendant's contention that the indictment failed to provide a sufficiently specific time frame with respect to counts one through five. The indictment must set forth a time interval that reasonably serves the function of protecting defendant's constitutional right to be informed of the nature and cause of the accusation. Whether time frames set forth in an indictment are sufficiently specific is to be determined on a case-by-case basis in view of all the relevant circumstances. Here, the three-month time frames provided in counts one through four and the two-month time frame in count five were sufficiently specific in view of the victim's young age and were "not so large that [they] deprive[d] the defendant of the ability to prepare and present a defense."

Roman, 43 A.D.3d at 1282 (quoting People v. Lanfair, 18 A.D.3d 1032, 1033 (3d Dept.), lv. denied, 5 N.Y.3d 79 (2006); other quotations and citations omitted).

There are two main constitutional requirements for an indictment: "first, that it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, that it enables him to plead an

acquittal or conviction in bar of future prosecutions for the same offense." United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007) "Challenges to the sufficiency of a state indictment are generally not cognizable on habeas review." Scott v. Superintendent, Mid-Orange Corr. Facility, No. 03-CV-6383, 2006 WL 3095760, *6 (E.D.N.Y. Oct. 31, 2006) (citing United States ex rel. Mintzer v. Dros, 403 F.2d 42, 43 (2d Cir. 1967); Munoz v. Keane, 777 F.Supp. 282, 289 n.15 (S.D.N.Y. 1991); United States ex rel. Maisonet v. La Vallee, 405 F.Supp. 925, 927-28 (S.D.N.Y. 1975)). Rather, claims based on a defective indictment are only reviewable by a habeas court "if the indictment fails to satisfy the basic due process requirements: notice of "the time, place, and essential elements of the crime." Id. (citing Carroll v. Hoke, 695 F.Supp. 1435, 1438 (E.D.N.Y. 1988), aff'd, 880 F.2d 1318 (2d Cir. 1989).

The fact that the indictment in this case specified periods of time spanning two and three months does not render it constitutionally defective. An indictment need only state the time and place of a charged crime "in approximate terms." United States v. Frias, 521 F.3d 229, 235 (2d Cir. 2008). In cases of continuing sexual abuse, it is sufficient for the indictment to specify "a period of time-rather than a specific date-in which defendant committed the acts at issue ... especially where, as here, the complaining victim was a child." Edwards v. Mazzuca, No. 00 Civ. 2290, 2007 WL 2994449, *5 (S.D.N.Y. Oct. 15, 2007); see also

Rodriquez v. Hynes, CV-94-2010 (CPS), 1995 WL 116290, at *4 (E.D.N.Y. Feb. 27, 1995) ("Considering the fact that young victims often do not remember the exact date of when an alleged offense occurred, the time spans in the indictment [charging sexual abuse of a minor] are not unreasonable."); Valentine v. Konteh, 395 F.3d 626, 632 (6th Cir. 2005) ("This Court and numerous others have found that fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements.") (collecting cases); Fawcett v. Bablitch, 962 F.2d 617, 619 (7th Cir.1992) (rejecting a due process challenge to an indictment that set forth a six-month period of time during which the defendant allegedly sexually abused a minor child, and finding that the indictment "afforded [the defendant] notice sufficient to permit him to defend against the charge").

Here, there was a period of time defined in the indictment and it specified the place and essential element of the crimes. Petitioner's indictment thus gave him notice of the crimes charged. The Appellate Division's rejection of petitioner's defective indictment claim therefore did not run afoul of clearly established federal law, and habeas relief is denied on this ground.

### b.   Improperly Amended Indictment

As he did on direct appeal, petitioner avers that the prosecution improperly changed their theory of the case at trial so as to deny petitioner his right to a fair trial under the United

States Constitution. In support of this contention, petitioner assails the victim's testimony on cross-examination in that: (1) the time frame relating to the fourth count of the indictment (first-degree sexual abuse) was narrower at trial than in the indictment; (2) the scope of sexual touching relating to the ninth count (first-degree sexual abuse) was expanded; and (3) the repeated instances of rape were inconsistent with the sodomy charges. Pet. ¶ 24(7); Appx. U at 18-24. The Fourth Department summarily rejected this claim as being "without merit." <u>Roman</u>, 43 A.D.3d at 1283.

The Fifth Amendment protects a criminal defendant from being convicted of a different offense from that which was included in the indictment returned by a Grand Jury. <u>Stirone v. United States</u>, 361 U.S. 212, 217 (1960). "An unconstitutional amendment of the indictment occurs when the charging terms are altered, either literally or constructively, such as when the trial judge instructs the jury. In contrast, a variance occurs when the charging terms are unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." <u>United States v. Helmsley</u>, 941 F.2d 71, 89 (2d Cir. 1988) (citing <u>United States v. Zingaro</u>, 858 F.2d 94, 98-99 (2d Cir. 1988)). Variances are subject to the harmless error rule[7] and thus are not grounds

---

[7] In 2007, the Supreme Court adopted harmless error standard set forth in <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 631 (1993), for cases involving collateral review of state-court decisions under 28 U.S.C. § 2254. <u>Fry v. Pliler</u>, 551 U.S. 112, 121 (2007). Under <u>Brecht</u>, "an error is harmless unless

for reversal without a showing of prejudice to the defendant. Constructive amendments, however, are *per se* violative of the Fifth Amendment. Id. (citing Zingaro, 858 F.2d at 98; United States v. Weiss, 752 F.2d 777, 787 (2d Cir.), cert. denied, 474 U.S. 944 (1985).

Here, the charging terms of the indictment were not altered by the prosecution at trial. Petitioner argues, rather, that the proof at trial deviated from the facts alleged in the indictment.

First, petitioner contends that the victim's trial testimony indicated that one instance of sexual abuse occurred between April 1, 1999 and May 31, 1999, but that the indictment charged that the incident occurred between March 1, 1999 and May 31, 1999. See Appx. S at 7; Trial Tr. 54. This variance did not completely alter the prosecution's theory as petitioner was already on notice that the act could have occurred in April and May of 1999. Accordingly, the testimony did not hamper petitioner's ability to present a defense because the variance was immaterial. See Kowalczyk v. United States, 936 F.Supp. 1127, 1141 (E.D.N.Y. 1996) ("A variance is immaterial where the allegation and proof substantially correspond, where the variance is not of a character that could have misled the defendant at the trial, and where the

---

it 'had substantial and injurious effect or influence in determining the jury's verdict.'" Fry, 551 U.S. at 116 (quoting Brecht, 507 U.S. at 631). Thus, the Supreme Court explained in Fry, a federal habeas "court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the substantial and injurious effect standard ..., whether or not the state appellate court recognized the error ..." Id.(internal quotation marks omitted).

variance would not deprive the accused of his right to be protected against another prosecution for the same offense.").

Second, as to the sexual abuse charge, the indictment alleged vaginal touching but the victim testified that petitioner fondled her breasts, thighs, and vagina. Appx. S at 9; Trial Tr. 68. Here, any potential confusion was likely ameliorated by the fact that it was a bench trial.[8] See, e.g., U.S. v. Sieger, No. SS84 Cr. 158-CSH, 1985 WL 565, *13 (finding that the variance in proof was "no bar to conviction . . . because the variance poses no threat of prejudice to a defendant in a bench trial.").

Finally, petitioner's complaint that the victim testified that he repeatedly raped her is without merit. During cross-examination, counsel attempted to impeach the victim with her prior Family Court testimony. In doing so, he elicited the following testimony:

> Defense Counsel:     Now, you also testified
>                      in Family Court last year
>                      . . . that you were
>                      repeatedly raped by Mr.
>                      Roman. Do you recall that
>                      testimony?
>
> Witness:             Yes.
>
> Defense Counsel:     Okay, Now, this morning .
>                      . . you testified that
>                      Mr. Roman raped you one
>                      time. Is that correct?
>
> Witness:             I testified that he raped
>                      me twice.

---

[8] The fact that petitioner was acquitted of three charges in the indictment is some indication that petitioner did not suffer prejudice as a result of the variances between the indictment and the proof.

| Defense Counsel: | You testified that he raped you twice? |
|---|---|
| Witness: | Yes, the first and the last incident. |

Trial Tr. 100. On direct examination, however, the victim specifically testified to an act of sodomy (the "first" incident). Trial Tr. 40-43, 44-46, 46-49. Again, it is unlikely petitioner was convicted for a second instance of rape due to the fact that the proof on direct examination was consistent with the charges. See Kowalczyk, 936 F.Supp. at 1141.

In sum, the variances petitioner complains of do not warrant habeas relief because they did not have a "substantial and injurious" effect on the trial judge's verdict. Brecht, 507 U.S. at 631. This claim is therefore dismissed.

### c. Ineffective Assistance of Appellate Counsel

Petitioner complains that his appellate counsel was ineffective for failing to: (1) recognize that the voluntariness of petitioner's guilty plea was an unpreserved issue; (2) file a C.P.L. § 440.10 motion on petitioner's behalf; and (3) alert the appellate court that petitioner preserved the voluntariness issue for review. Petitioner also contends that his appellate attorney "disparag[ed] petitioner's arguments in his pro-se brief." Pet. ¶ 24(9); Appx. KK, LL.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his attorney's

representation was unreasonable under the "prevailing professional norms," and that there is a reasonable probability that, but for his attorney's errors, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984). A claim for ineffective assistance of appellate counsel is evaluated upon the same standard as is a claim of ineffective assistance of trial counsel. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (citing Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992)), cert. denied, 508 U.S. 912 (1993).

To establish ineffective assistance of appellate counsel for failure to raise specific issues, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous that could be made. Id. Rather, counsel may winnow out weaker arguments on appeal and focus on one or two key issues that present "the most promising issue for review." Jones v. Barnes, 463 U.S. 745, 751-53 (1983). A habeas petitioner must demonstrate that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo, 13 F.3d at 533. To establish prejudice for failing to raise an issue on direct appeal, a petitioner must show that there was a reasonable probability that the claim would have been successful before the state's highest court. Claudio, 832 F.2d at 803.

On the outset, the Court notes that petitioner's appellate

counsel filed a lengthy original brief, submitted a reply brief and supplemental brief, and also attended oral argument. Appx. R, W, Y. Moreover, petitinoer's *coram nobis* applications include extensive correspondence from appellate counsel discussing the posture of petitioner's appeal and the legal issues surrounding it, underscoring counsel's efforts. Appx. KK, LL. Given the aggregate of his attorney's actions, it is clear on this record that petitioner was afforded the effective assistance of counsel.

Petitioner's complaints regarding how is appellate counsel handled the guilty plea issue is plainly without merit. First, correspondence from petitioner's appellate counsel contradicts petitioner's assertion that counsel "failed to recognize" the preservation issue with respect to the guilty plea. Appx. KK. The assertion that counsel failed to argue that the issue was in fact preserved is based on a misapprehension of the applicable New York case law. See People v. Lopez, 71 N.Y.2d 662, 666 (1988). In any event, the Fourth Department addressed the merits of petitioner's plea challenge in the alternative, and found the plea to be valid.

With respect to his complaint that his attorney did not interpose a C.P.L. § 440.10 motion, petitioner fails to recognize that counsel's appointment was limited to the direct appeal. There is no federal right to the assignment of counsel in a collateral proceeding. See Pratt v. Upstate Corr. Facility, 413 F.Supp.2d 228, 250 (W.D.N.Y. 2005).

Finally, petitioner's allegation that his attorney disparaged his *pro se* arguments is completely belied by the record. Counsel informed petitioner in writing that he would consider issues raised by petitioner for possible inclusion in the appellate brief. He also repeatedly advised petitioner of his right to file a *pro se* supplemental brief, and explained to petitioner his position as to why he ultimately raised certain issues and omitted others in the appellate briefs. <u>See</u> Appx. KK & LL, <u>passim</u>.

In sum, petitioner comes nowhere near establishing that his attorney's conduct was objectively unreasonable. For that reason, the Court need not determine whether petitioner suffered prejudice. <u>See</u> <u>Greiner v. Wells</u>, 417 F.3d 305, 319 (2d Cir. 2005) ("'[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one.'" (alterations in original) (quoting <u>Strickland</u>, 466 U.S. at 697)). The Appellate Division's denial of petitioner's *coram nobis* applications was not contrary to, or an unreasonable application of <u>Strickland v. Washington</u>, and habeas relief does not lie for this ground.

### 6. Grounds (6) and (10) do not present a basis for habeas relief.

Petitioner contends that he was denied due process when the state courts denied his motions for post-conviction relief. Specifically, that the state courts erred in denying his § 440.10 and *coram nobis* applications, and that the appellate courts erred

in denying leave to appeal those denials. Pet. ¶¶ 24(6), (10).
However, there is no constitutional provision that requires a state
to grant post-conviction review. <u>Pennsylvania v. Finley</u>, 481 U.S.
551, 557 (1987); <u>see also Murray v. Giarratano</u>, 492 U.S. 1, 10
(1989) ("State collateral proceedings are not constitutionally
required as an adjunct to the state criminal proceedings and serve
a different and more limited purpose than either trial or
appeal."); <u>Montgomery v. Meloy</u>, 90 F.3d 1200, 1206 (7th Cir. 1996)
( "Whereas a direct criminal appeal has now become a fundamental
part of the criminal justice system, state post-conviction relief
is not a part of the criminal proceeding-indeed, it is a civil
proceeding that occurs only after the criminal proceeding has
concluded." (internal citations omitted)). Consequently, most
courts sitting on habeas review "have rejected due process claims
arising out of the conduct of state post-conviction proceedings,
holding that such claims are not cognizable on habeas review,"
following the reasoning that federal habeas courts are authorized
by § 2254 to review the constitutionality of a state criminal
conviction, and not alleged infirmities in state post-conviction
relief proceedings. <u>Cruz v. Smith</u>, No. 05 Civ. 10703(LTS)(DF),
2010 WL 582348, *29 (S.D.N.Y. Feb. 17, 2010) (citing <u>Jones v.</u>
<u>Duncan</u>, 162 F.Supp.2d 204, 217-19 (S.D.N.Y. 2001) and collecting
cases); <u>see also</u> <u>Nichols v. Scott</u>, 69 F.3d 1255, 1275 (5th Cir.
1995) ("[E]rrors in a state habeas proceeding cannot serve as a

basis for setting aside a valid original conviction. An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."); <u>Williams-Bey v. Trickey</u>, 894 F.2d 314, 317 (8th Cir.); <u>cert. denied</u>, 495 U.S. 936 (1990) ("Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); <u>accord, e.g.,</u> <u>Childs v. Herbert</u>, 146 F.Supp.2d 317, 326 (S.D.N.Y. 2001) ("Childs is in custody because of his conviction of state crimes. The equal protection claim he now seeks to add to his habeas petition does not allege any constitutional flaw in the prosecution, trial, or direct appeal of his case. If successful on this equal protection argument, Childs's petition would not result in his immediate release from custody.")

Accordingly, petitioner's claims must be dismissed because they do not present  cognizable issues for habeas review.

### 7.  Motion to Compel

In a separate motion, petitioner seeks to compel a lease agreement and application for the Glenbrook Manor Apartments in Rochester, New York,  issued to his ex-wife, Janet Roman, in May of 2001. <u>See</u> Mot. to Compel at 1. He further requests the Court to

compel a deposition of Mr. and Mrs. Edwin Ayala, who would testify that Mr. Ayala was living with Janet Roman in May of 2001. Id. at 3-5. Petitioner contends that the depositions and lease documents together would give rise to the inference that petitioner's ex-wife and the victim left the family residence in April, 2001, rather than in January of 2000, as the victim and Janet Roman had testified to at trial. Trial Tr. 36-37, 88, 161-162, 178.

"[A] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997); see also Drake v. Portuondo, 321 F.3d 338, 346 (2d Cir. 2003); Harris v. Nelson, 394 U.S. 286, 295 (1969) (concluding that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas proceedings). Rule 6(a) of the Rules Governing § 2254 Cases provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." See Bracy, 520 U.S. at 904. Whether a petitioner has shown "good cause" depends on whether the petitioner has set forth specific allegations that provide "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. at 299). "Generalized statements about the possible existence of discovery material are

insufficient to constitute 'good cause.'" <u>Gonzalez v. Bennett</u>, 2001 WL 1537553, at *4 (S.D.N.Y. Nov.30, 2001); <u>accord, e.g.</u>, <u>Richard v. Girdich</u>, NO. 9:03CV0920 FJSGJD, 2007 WL 405863, at *1 (N.D.N.Y. Feb.11, 2007). The court may, in its discretion, deny discovery where the petitioner has provided no specific evidence that the requested discovery would support his habeas corpus petition. <u>Id.</u> (citing <u>Charles v. Artuz</u>, 21 F.Supp.2d 168, 170 (E.D.N.Y. 1988)); <u>accord, e.g.</u>, <u>Richard</u>, 2007 WL 405863, at *1.

Here, petitioner's allegations do not rise to the required level of "good cause." The evidence which petitioner seeks to obtain is not "new", as it is cumulative to other information and arguments advanced by petitioner in the state courts. <u>See</u> Trial Tr. 324; Appx. A & H. Furthermore, petitioner's claim underlying the discovery requests, that the state court erroneously decided his C.P.L. § 440.10 motion, does not provide a basis for habeas review. Accordingly, petitioner's motion to compel is denied.

### 8. Motion to Hold Petition in Abeyance

Finally, petitioner requests that the Court hold his petition in abeyance so that he can exhaust his claim that he was denied due process of law in his C.P.L. § 440.10 proceedings by way of a state petition for habeas corpus.

Under limited circumstances the Supreme Court has sanctioned the issuance of a stay to allow a petitioner to pursue state remedies on an unexhausted claim. <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269

(2005). In <u>Rhines</u>, the Supreme Court stated,

> [S]tay and abeyance should be available only
> in limited circumstances. Because granting a
> stay effectively excuses a petitioner's
> failure to present his claims first to the
> state courts, stay and abeyance is only
> appropriate when the district court determines
> there was good cause for the petitioner's
> failure to exhaust his claims first in state
> court. Moreover, even if a petitioner had good
> cause for that failure, the district court
> would abuse its discretion if it were to grant
> him a stay when his unexhausted claims are
> plainly meritless.

<u>Id.</u> at 277. Stated another way, a stay and abeyance is only suitable where the claims are "potentially meritorious." <u>See id.</u> at 277-78. Here, petitioner's request for a stay and abeyance under <u>Rhines v. Weber</u> is inappropriate because petitioner's due process claim arising out of a post-conviction proceeding is not cognizable on habeas review. <u>See</u> Discussion at III.B.6. Accordingly, the request to hold the petition in abeyance is denied. <u>See</u> <u>Martinez v. Ercole</u>, No. 06 Civ. 13523(RJS), 2010 WL 1779351 (S.D.N.Y. April 21, 2010) (denying motion to hold petition in abeyance where the underlying claim was not cognizable on habeas review, and in, any event, lacked substantive merit).

## IV. Conclusion

For the reasons stated above, Orlando Roman's requests for discovery and an abeyance in order to return to state court are denied. Furthermore, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is

dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
                    MICHAEL A. TELESCA
                    United States District Judge

Dated:      December 2, 2010
            Rochester, New York